IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CR No. 3-260 |
| | ) |
| vs. | ) CIV No. 8-1328 |
| | ) |
| | ) |
| JASON WILDER | ) |

**OPINION AND ORDER OF COURT**

**SYNOPSIS**

In this action, on September 16, 2005, a jury found Defendant guilty of

conspiracy to distribute and possess with intent to distribute marijuana.   He was

sentenced by this Court on April 7, 2006.  Following appeal, Defendant filed a

Motion for habeas relief with this Court, pursuant to 28 U.S.C. § 2255.  Following

this Court's denial of the Motion by Opinion and Order dated March 20, 2009

("March 20 Order), Defendant filed a Motion for Reconsideration.

For the following reasons, the Motion for Reconsideration will be denied.

**OPINION**

**I. Notice of Appeal**

At the outset, I must assess the result of recent docket activity on my

continuing authority over this matter. The Clerk of Courts for the United States

Court of Appeals for the Third Circuit has forwarded to our Clerk of Courts a

document prepared by Defendant and entitled, "Application for a Certificate of

Appealability," regarding my March 20 Order.  The document was forwarded with

instructions that it be deemed a Notice of Appeal.  On April 30, 2009, the Notice

of Appeal was docketed.  Defendant's Motion for Reconsideration of the March

20 Order, however, filed on April 3, 2009, remains pending before this Court.

It is appropriate that I consider that Motion, despite the Notice of Appeal.

The filing of a Notice of Appeal does not divest a district Court of jurisdiction to

entertain a Motion for Reconsideration in this context. See Ginsburg. v.

Birenbaum, No. 06-01217, 2008 U.S. Dist. LEXIS 39387, at **4-6 (W.D. Pa. May 14,

2008).  Moreover, our Court of Appeals has noted as follows:

> As a general rule, the timely filing of a notice of appeal is an event of
> jurisdictional significance, immediately conferring jurisdiction on a
> Court of Appeals and divesting a district court of its control over those
> aspects of the case involved in the appeal. ..[the rule] "has the salutary
> purpose of preventing the confusion and inefficiency which would of
> necessity result were two courts to be considering the same issue or
> issues simultaneously."…"[as] a prudential doctrine, the rule should not
> be applied when to do so would defeat its purpose of achieving judicial
> economy."

United States v. Ford, 215 Fed. Appx. 167, 168  (3d Cir. 2007).

In the present case, holding the Motion for Reconsideration in abeyance

would frustrate purposes of judicial economy, as this Court is intimately familiar

with the pre- and post-sentencing record in this matter, has already ruled on

matters intimately intertwined with the underlying substance of Defendant's

Motion, and the Notice of Appeal has only very recently been filed.  Under the

relatively unique circumstances of these proceedings, ruling on Defendant's

Motion for Reconsideration clarifies the issues at stake, rather than causing

confusion or inefficiency.[1]   This particular case strongly suggests that further

---

[1]Moreover, an appeal of an unappealable Order does not deprive the District Court of
jurisdiction to reconsider that Order.  See  Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985).  A
certificate of appealability must be granted before an appeal of the denial of a § 2255 petition may

explication by this Court will serve the ends of both justice and efficiency.

## I. Applicable Standards

Having determined that I may exercise jurisdiction over this matter, I must

consider whether Defendant's Motion for Reconsideration should be construed

as a second or successive 2255 Motion, in which case it would be barred from

consideration.  "[A] majority of the courts of appeals that have ruled on the issue

have held that a...motion [for reconsideration], challenging a prior judgment

denying habeas relief should, in most cases, be treated as the functional

equivalent of a second or successive habeas petition requiring, under AEDPA,

authorization from a court of appeals." Pridgen v. Shannon, 380 F.3d 721, 724 (3d

Cir. Pa. 2004).

However, "in those instances in which the factual predicate of a

petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas

judgment was procured and not the underlying conviction, the Rule 60(b) motion

may be adjudicated on the merits." Id. at 727.   The present situation may be

deemed such an instance, as Defendant attacks the factual predicate of the May

20 Order, as well as the mechanics of his habeas process – i.e., lack of service of

documents by the Government.  Cf., e.g., Davis v. Kyler, No. 08-1757, 2008 U.S. Dist.

LEXIS 49545, at **5-7 (E.D. Pa. June 27, 2008).   Accordingly, I will consider

Defendant's request for reconsideration at this time.

I assume that Defendant intends to proceed under either Fed. R. Civ. P.

---

proceed.  28 U.S.C. § 2253(c)(1).   While Defendant has requested that the Court of Appeals issue such a certificate, none has issued as of yet.

60(b) or 59(e).[2]  Under Rule 60(b), "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;...or (6) any other reason justifying relief from the operation of the judgment."[3]  Only "extraordinary, and special circumstances" justify relief under Rule 60(b)(6).  <u>Pridgen</u>, 380 F.3d at 728.  To the extent that Rule 59(e) applies, a district court may alter or amend a judgment under that Rule only if the party seeking reconsideration can demonstrate "the need to correct a clear error of law or fact or to prevent manifest injustice."  <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999).

### III. Defendant's 2255 Motion

Defendant's 2255 Motion argued that he had been sentenced based on the Court's erroneous belief that he had been deported, and reentered the United States illegally.  He asserted that, in fact, he had never been deported, and had not reentered the country illegally.  Based on Defendant's argument, the Court focused on that alleged inaccuracy, and ordered a hearing to supplement a deficient record regarding the fact of deportation and reentry.  The Government, in reply, conceded that Defendant had never been deported, and

---

[2]The Federal Rules of Civil Procedure may apply to habeas proceedings, to the extent that they are not inconsistent with any other applicable provisions.  Section 2255, Pro. R. 11, 12.

[3]A motion for reconsideration may also be based on other grounds, not applicable here. "[M]otions for reconsideration ... should not be used 'to put forward additional arguments which [the movant] could have made but neglected to make before judgment."  <u>Reich v. Compton</u>, 834 F. Supp. 753, 755 (E.D. Pa. 1993).  As mentioned in the body of the Opinion, the grounds for the 2255 Motion and Motion for Reconsideration are so tightly enmeshed that I will not deem the latter as raising new arguments.

had not reentered illegally.   The Government did, however, submit evidence of a

deportation record to supplement and confirm the information in the Pre-

sentence Investigation ("PSI").  The PSI states that after an order of deportation

was entered against Defendant, a warrant for deportation was issued on October

6, 2000.  It further states that Defendant was being detained by Immigration and

Customs Enforcement as a result of the deportation warrant.  Defendant

confirmed the accuracy of the PSI on the record and under oath, and I found

that the facts in the PSI were the final facts of the case at sentencing.

By Order dated March 20, 2009, I denied Defendant's Motion.  I did so, in

part, based on my conclusion that Defendant could not meet the second prong

of Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674

(1984), because at sentencing I expressly considered the statutory factors under

18 U.S.C. § 3553(a), and Defendant's immigration status was not mentioned as

affirmative grounds for his sentence.  Instead, I stated the inaccurate fact of

deportation and reentry solely in response to an argument raised by defense

counsel.  In the March 20 Order, I stated that the inaccuracy at sentencing did not

prejudice him, "especially in light of the Court's accurate statement that

Defendant was illegally present in the United States."  I further noted that on

appeal, the Court of Appeals determined that "Defendant was appropriately

sentenced, based on the pertinent statutory factors, and the undisputed fact of

his illegal presence in this country."[4]

---

[4]Defendant repeatedly cites as inaccurate my statement, in the March 20 Order, that the
Court of Appeals affirmed the reasonableness of his sentence without referring to or relying on
this Court's inaccurate statement.  The "inaccurate statement" referred to was in relation to his
purported deportation and reentry.  That statement was not, however, referred to in the Court of

**III. Defendant's Motion for Reconsideration**

Presently, Defendant has filed a Motion for Reconsideration of the March

20th Order, disputing that he was present in this country illegally. He asserts, to

the contrary, that he was a lawful permanent resident alien, albeit subject to

deportation. This argument, however, does not entitle him to relief. Lawful

permanent residence is "the status of having been lawfully accorded the

privilege of residing permanently in the United States as an immigrant in

accordance with immigration laws, such status not having changed." 8 U.S.C. §

1101(a)(20) (emphasis added). The entry of a final order of deportation, however,

constitutes a "change" in that status, and terminates that status. Feliz Debeato v.

AG of the United States, 505 F.3d 231, 236 (3d Cir. Pa. 2007). A warrant of

deportation, by definition, follows a final order of deportation, and Defendant

has not at any time suggested that such a warrant was other than validly issued

in his case. Cf. United States v. Marte, 356 F.3d 1336, 1343 (11th Cir. 2004); 8 C.F.R.

§§ 241.32, 241.33, 241.2.[5] Finally, the dictionary definition of the term "illegal"

means contrary to, or forbidden by, law. Oxford Univ. Press Dictionary,

WordPerfect X3.

In this case, Defendant does not dispute that he was subject to a valid

warrant of deportation. Hence, his status as lawful permanent resident

terminated at the time of the final deportation order preceding that warrant,

---

Appeals' reasonableness determination; mention of deportation and reentry appeared in the recitation of background facts.

[5]A statutory language change substituted "removal" for "deportation" in much of the Illegal Immigration Reform and Immigration Responsibility Act of 1996 (IIRIRA). Here, I use the term used in Defendant's records.

and his continued residence thereafter may be deemed illegal – that is, contrary to law.  My statement that Defendant was "illegally in this country," both at sentencing and in the March 20 Order, and the Court of Appeals' consequent reference to that statement, were factually accurate.  I need not, therefore, reconsider those portions of my March 20 Order that addressed that statement.

Moreover, even if Defendant could have been considered legally present in this country following the deportation order, he cannot prevail on his Motion.  As discussed in the March 20 Order, I specifically did not consider the legality of Defendant's presence in the United States, or his immigration status, as grounds for the computation of his sentence.   Accordingly, any inaccuracy simply did not cause him prejudice as defined and required by applicable standards.

For purposes of completeness, I briefly address two other concerns that Defendant raises: the Government's failure to serve its brief in response to his 2255 Motion, and the Court's failure to rule on a Motion for Summary Judgement that he purports to have filed on January 14, 2009.  Defendant has been able to raise his challenges via Motion for Reconsideration, so it appears that the failure in service did not cause any prejudice.  Similarly, while the Motion for Summary Judgment appears on neither the civil or criminal docket, Defendant based the Motion on the Government's purported failure to respond to his 2255 arguments.  Because the Government did, in fact, docket a response, a Motion for Summary Judgment based on the absence thereof would likely be moot.  The alleged deficiencies in the process, or in the docket, did not prejudice the outcome.

I empathize with Defendant's frustration regarding counsel's failure to

correct an error in the record that might be held against Defendant, and also the Government's perpetuation of that factual error. Accordingly, I understand Defendant's skepticism, and his abiding perception that the inaccuracies have infected the proceedings. Because habeas proceedings are essential safeguards against injustice, I have carefully considered all of Defendant's arguments and applicable law, as well as the transcripts and other documents pertinent to this matter. It remains, however, as discussed in the March 20 Order, that no factual error was relied on in the calculation of Defendant's sentence. Therefore, even if the Court erred, and counsel were derelict in attempting corrections, he suffered no prejudice as a result. I am constrained to deny his Motion.

## CONCLUSION

In sum, under applicable standards, I must deny Defendant's Motion for Reconsideration. There was no mistake, error, or other circumstance that would justify relief, and no manifest injustice. Defendant is not entitled to relief under any potentially applicable standard.

As a final matter, Defendant is notified that he shall send all future filings in this Court to the Clerk of Courts. Any mailings to the Judge's chambers or anywhere other than the Clerk of Courts cannot be deemed filed, and cannot be docketed.

An appropriate Order follows.

**ORDER**

AND NOW, this 30th day of April, 2009, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Reconsideration (Docket No. [175]) is DENIED.

_____

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Chief Judge, U.S. District Court